UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| UNITED STATES DEPARTMENT OF STATE, | : : : | | |
| Plaintiff, | : : | Civil Action No.: | 04-0025 (RMU) |
| v. | : : | Document No.: | 24 |
| G. CRAIG COOMBS, | : : : | | |
| Defendant. | : | | |

MEMORANDUM OPINION

DENYING THE PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT

I.   INTRODUCTION

This case comes before the court on the plaintiff's motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e).  On March 24, 2005, the court granted the defendant's motion for judgment on the pleadings[1] and denied the plaintiff's motion for summary judgment.  The plaintiff, the U.S. Department of State (the "State Department" or the "government"), now seeks to alter or amend that judgment on two grounds.  First, the plaintiff argues that the court erred because it did not apply a *de novo* standard of review to the Foreign Service Grievance Board's (the "FSGB" or the "Board") resolution of the defendant's grievance.  Second, the plaintiff contends that the poor performance rating contained in the defendant's Employee Evaluation Report ("EER") was not falsely prejudicial according to the Foreign Service Act ("FSA").  Because there has been no intervening change in controlling law since the

---

[1] Although the defendant moved for judgment on the pleadings, the court treated the defendant's motion as one for summary judgment.  Mem. Op. Granting Def.'s Mot. for J. on the Pleadings (Mar. 24, 2005) ("Mem. Op.") at 8 n.1.

1

court rendered its earlier judgment, no new evidence has become available, and there is no clear legal error to correct or manifest injustice to prevent, the court denies the plaintiff's motion to alter or amend judgment.

## II.   BACKGROUND[2]

### A.   Factual History

This suit stems from the defendant's designation for separation from the Foreign Service in February 2001. Mem. Op. Granting Def.'s Mot. for J. on the Pleadings (Mar. 24, 2005) ("Mem. Op.") at 1-2. At all times relevant to this complaint, the defendant was a Foreign Service Officer assigned to the U.S. consulate in Surabaya, Indonesia. *Id.* at 1. Each year, members of the Foreign Service are evaluated by their supervisors in an EER. *Id.* The Foreign Service employees are then competitively evaluated by a separate Selection Board, which determines whether employees are meeting the standards of their class. *Id.* If an employee is not meeting the standards of his or her class, the Selection Board refers the employee to the Performance Standards Board, which determines whether the employee should be mandatorily separated from the Foreign Service. *Id.*

On May 9, 2000, the defendant received an EER ("2000 EER") for the rating period of March 16, 1999 to March 15, 2000 criticizing his performance at the Surabaya post. *Id.* The 2000 EER cited the defendant's inability to prioritize tasks and complete them in a timely manner, a tendency to focus on unimportant details, a demonstration of consistently poor

---

[2]   The court's March 24, 2005 Memorandum Opinion contains a more detailed account of the factual and procedural background of this case.

judgment, and numerous examples of agitated behavior directed at staff and visa applicants. *Id*. at 3. The Selection Board later determined that the defendant was not meeting the standards of his class and referred the defendant to the Performance Standards Board for further review. *Id*. at 2. The Performance Standards Board reviewed the defendant's 2000 EER and designated the defendant for separation from the Foreign Service, effective May 11, 2001. *Id.* at 2-3. Subsequent to that decision, the defendant received another negative EER for the period from April 2000 to April 2001 ("2001 EER"). *Id*. at 3. The plaintiff alleges that the defendant's poor performance stemmed from his inability to perform the duties of his employment at the required class level and was not the result of any psychological or psychiatric disorders. *Id*.

### B. Procedural History

On March 26, 2001, the defendant filed a grievance with the State Department, alleging that the information contained in his 2000 EER was falsely prejudicial because the behavior described in the EER was the result of an underlying psychiatric disorder. *Id*. at 4. Under the FSA, a Foreign Service employee may bring a grievance if his mandatory separation is based on information that is falsely prejudicial. 22 U.S.C. § 4131(a)(1). A couple of months later, the defendant filed an amended grievance that reiterated the argument that the information contained in the EERs was falsely prejudicial, but also added that his designation for separation from the Foreign Service violated that Rehabilitation Act of 1973.[3] *Id*. The amended grievance included an affidavit from a psychiatrist, Dr. R. Curtis Bristol, who diagnosed the defendant as suffering

---

[3] Under the Foreign Service Act ("FSA"), an individual may file a grievance for a number of reasons, including, *inter alia*, separation from the Foreign Service if the separation is based on falsely prejudicial information, and disability discrimination in violation of the Rehabilitation Act. 22 U.S.C. § 4131(a)(1).

from Obsessive-Compulsive Disorder ("OCD") and displaying symptoms of Acute Adjustment Disorder ("AAD"). *Id*. Dr. Bristol further concluded that the OCD and AAD caused the poor performance documented in the defendant's 2000 EER. *Id*.

On September 21, 2001, the State Department rejected the defendant's amended grievance, stating that it was not supported by a preponderance of the evidence. *Id*. at 5. The defendant appealed to the FSGB on October 8, 2001. The defendant's appeal did not argue that his separation from the Foreign Service constituted a violation of the Rehabilitation Act. Instead, the defendant's appeal to the FSGB argued only that the information contained in his 2000 EER was falsely prejudicial because it reflected an undiagnosed medical condition affecting his performance. *Id*. On January 27, 2003, the FSGB concluded that the defendant's 2000 EER contained falsely prejudicial information because the defendant's deficient performance was the result of an underlying psychiatric illness. *Id*. at 5-6. A year later, the FSGB concluded that the 2001 EER was falsely prejudicial for the same reason. *Id*. at 7.

After the FSGB denied reconsideration of its final decision, the plaintiff appealed to this court for judicial review. *Id*. at 7. The plaintiff's motion for summary judgment in this court consisted of two arguments. First, the plaintiff argued that the Rehabilitation Act of 1973 provides the exclusive remedy for claims based on a federal employee's disability. In other words, the plaintiff argued that it was not enough for the defendant to show that the information contained in his EERs was falsely prejudicial; instead, the plaintiff argues that the defendant was required to show that the agency refused to reasonably accommodate a known disability in violation of the Rehabilitation Act. *Id.* at 11. Second, the plaintiff claimed, in the alternative, that the FSGB erred in finding the 2000 and 2001 EERs falsely prejudicial under the FSA. *Id*.

4

On March 24, 2005, the court denied the plaintiff's motion for summary judgment with respect to both counts, and granted the defendant's motion for judgment on the pleadings. *See generally* Mem. Op. The court held that the FSGB's decision not to evaluate the defendant's grievance under the Rehabilitation Act was not arbitrary, capricious, or otherwise not in accordance with the law. *Id*. at 10. Because the defendant never asserted a disability discrimination claim in either his appeal to the FSGB or his complaint before this court, but instead brought a grievance under the FSA, the court reasoned that it was proper for the FSGB to analyze whether the defendant's personnel records contained falsely prejudicial information.[4] *Id*. at 12. Stated differently, the court determined that the FSGB did not err when it decided that the Rehabilitation Act does not provide the exclusive remedy for disability discrimination grievances brought by Foreign Service employees.

As to the plaintiff's second argument, the court concluded that the FSGB's decision finding the 2000 and 2001 EERs falsely prejudicial was not arbitrary, capricious, or otherwise not in accordance with the law. *Id*. at 13. The court reasoned that the FSGB established a rational connection between the facts and its decision by relying on the testimony of the defendant's psychiatrist, and by relying on previous FSGB precedent holding negative EERs to be intrinsically prejudicial when they personify the performance of a person with a serious disease undergoing rigorous medical treatment. *Id*. at 14-15. Dissatisfied with the court's

---

[4] Moreover, the court noted that the cases cited by the plaintiff for the proposition that the Rehabilitation Act provides the exclusive remedy for a federal employee's claims of disability discrimination only hold when a grievant asserts various legal theories under one cause of action for disability discrimination. Mem. Op. at 12.

decision, the plaintiff filed a motion for reconsideration to alter or amend judgment. The court now turns to that motion.

### III.   ANALYSIS
#### A.   Legal Standard for Rule 59(e) Motion

Federal Rule of Civil Procedure 59(e) provides that a motion to alter or amend a judgment must be filed within 10 days of the entry of the judgment at issue. FED. R. CIV. P. 59(e); *see also Mashpee Wamponoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1098 (D.C. Cir. 2003) (stating that a Rule 59(e) motion "must be filed within 10 days of the challenged order, not including weekends, certain specified national holidays (including Christmas Day and New Year's Day), or any other day appointed as a holiday by the President"). While the court has considerable discretion in ruling on a Rule 59(e) motion, the reconsideration and amendment of a previous order is an unusual measure. *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (*per curiam*); *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999). Rule 59(e) motions "need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear legal error or prevent manifest injustice." *Ciralsky v. Cent. Intelligence Agency*, 355 F.3d 661, 671 (D.C. Cir. 2004) (quoting *Firestone*, 76 F.3d at 1208). Moreover, "[a] Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled," *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995), or a vehicle for presenting theories or arguments that could have been advanced earlier. *Kattan v. Dist. of Columbia*, 995

F.2d 274, 276 (D.C. Cir. 1993); *W.C. & A.N. Miller Cos. v. United States*, 173 F.R.D. 1, 3 (D.D.C. 1997).

### B.  The Court Denies the Plaintiff's Motion to Alter or Amend Judgment

In its motion to alter or amend judgment, the plaintiff makes two arguments.  First, the plaintiff argues that the court applied an erroneous standard of review in its analysis of the FSGB's decision.  Pl.'s Mot. at 1.  Second, the plaintiff reiterates the argument that the defendant's EER was not falsely prejudicial.  *Id.*  Because the plaintiff fails to show that there has been an intervening change of controlling law, the availability of new evidence, or the need to correct a clear legal error or prevent manifest injustice, *Ciralsky*, 355 F.3d at 671, the court denies the plaintiff's motion to alter or amend judgment with respect to both counts.

#### 1.  The Court Applied the Correct Standard of Review to the FSGB's Decision

The plaintiff argues that the court applied the wrong standard of review in its evaluation of the FSGB's conclusion that the Rehabilitation Act is not the exclusive remedy for claims based on a federal employee's disability.  Pl.'s Mot. at 3.  The court analyzed the FSGB's conclusion that a Foreign Service employee may bring a disability-based grievance under either the Rehabilitation Act or under the FSA using a deferential standard.  Mem. Op. at 12.  Specifically, the court conducted its analysis of the FSGB's conclusion using the standards set out in the Administrative Procedures Act ("APA").  *Id.* at 8, 12.

Under the APA, a FSGB decision will not be set aside unless it is found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law."  5 U.S.C. § 706(2); *United States v. Paddack*, 825 F.2d 504, 513 (D.C. Cir. 1987) (internal citations omitted).  The plaintiff argues that the court should not have used the APA's arbitrary and

capricious standard of judicial review because the applicability of the Rehabilitation Act to the defendant's grievance under the FSA is purely a legal question, and, as such, entitled to *de novo* review.[5] Pl.'s Mot. at 1-2. The court, however, cannot agree.

While the question of which standard the FSGB ought to have applied under the FSA is a legal question, the court of appeals in this circuit requires that this court give deference to an agency's decision when the agency has "manifestly superior" expertise in interpreting the administrative regulations in question.[6] *Paddack*, 825 F.2d at 514. In its motion to alter or amend judgment, the plaintiff argues that the FSGB's determination that the defendant was entitled to bring a grievance under the FSA is a jurisdictional issue. Pl.'s Mot. at 3. The plaintiff then reasons that *Paddack*, the case the court relied on in determining the appropriate standard of review, is inapplicable because it involved an agency interpretation of regulations, not an agency's interpretation of its statutory jurisdiction. *Id.* at 4 n.2. According to *Wildberger v. Federal Labor Relations Authority*, however, the court should "defer to the agency's construction of its enabling statute, including its interpretation of its statutory jurisdiction, so long as it is

---

[5] The court notes that the plaintiff's motion for summary judgment stated that the court should employ the APA's arbitrary and capricious standard of review. Pl.'s Mot. for Summ. J. at 5. The court further notes that "[a] Rule 59(e) motion to reconsider is not simply a vehicle for presenting theories or arguments that could have been advanced earlier. *Kattan v. Dist. of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993).

[6] Additionally, courts should defer to administrative interpretations of ambiguous language in congressional statutes so long as those interpretations are not arbitrary, capricious, or manifestly contrary to the statute. *Chevron v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 844 (1984). This circuit, moreover, directs courts interpreting general or vague regulatory language to respect the FSGB's familiarity with the Foreign Service, since "inevitably the Board's decision is informed both by the Board's experience in Foreign Service matters in general and its factual findings in particular." *Paddack*, 825 F.2d at 514. To determine that the FSGB interpretation satisfies the arbitrary and capricious standard of review, the court need not conclude that the agency construction of the congressional statute was the only one it permissibly could have adopted, or even the reading the court would have reached had the question initially arisen in a judicial proceeding. *Chevron*, 467 U.S. at 843.

reasonable and not contrary to congressional intent." *Wildberger v. FLRA*, 132 F.3d 784, 790 (D.C. Cir. 1998).  As the court explained in its memorandum opinion, Congress's decision to restrict review of FSGB decisions to an arbitrary and capricious standard reflects a legislative judgment that the Board's familiarity with the Foreign Service ought to be respected by the judiciary.  Mem. Op. at 12; *Paddack*, 825 F.2d at 514.

Indeed, it was appropriate for the court to apply the APA's arbitrary and capricious standard to its analysis of the FSGB's decision because the FSA explicitly states that the APA "shall apply without limitation or exception" to a court's evaluation of FSGB final actions.  22 U.S.C. § 4140(a).  Moreover, this circuit's court of appeals directs courts to "avoid *de novo* review of the [FSGB]'s interpretation of general or vague regulatory language." *Paddack*, 825 F.2d at 514.  Because the plaintiff has not shown that the court applied the wrong standard of review to the FSGB's determination, the court declines to alter or amend its judgment.

    **2.    The FSGB's Decision Finding the 2000 and 2001 EERs Falsely Prejudicial was Not Arbitrary, Capricious, an Abuse of Discretion, or Otherwise Not in Accordance with Law**

The plaintiff's second argument is that the FSGB's conclusion that the EERs were falsely prejudicial is contrary to the plain meaning of that term and, accordingly, not entitled to any deference.  Pl.'s Mot. at 8.  As stated *supra* and in this court's previous memorandum opinion, an FSGB decision will not be set aside unless the court determines that it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2); *Paddack*, 825 F.2d at 513.  In making this inquiry, the reviewing court "must consider whether the [agency's] decision was based on a consideration of the relevant factors and whether there has

been a clear error of judgment."[7] *Marsh v. Or. Natural Res. Council*, 490 U.S. 360, 378 (1989) (internal quotations omitted). At a minimum, the agency must have considered relevant data and articulated an explanation establishing a "rational connection between the facts found and the choice made." *Bowen v. Am. Hosp. Ass'n*, 476 U.S. 610, 626 (1986); *Tourus Records v. DEA*, 259 F.3d 731, 736. An agency action is usually arbitrary or capricious if the agency has relied on factors which Congress has not intended it to consider, has entirely failed to consider an important aspect of the problem, has offered an explanation for its decision that runs counter to evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.[8] *Motor Veh. Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).

After parsing the phrase falsely prejudicial, the plaintiff re-argues that the EERs cannot possibly be "false" according to the plain meaning of the word, because the EERs accurately depicted the defendant's behavior at the Surabaya post. Pl.'s Mot. at 1, 8; Pl.'s Mot. for Summ. J. at 12. The court previously addressed this issue in its resolution of plaintiff's motion for summary judgment and concluded that the FSGB examined the relevant facts, interpreted its own

---

[7] Furthermore, as the Supreme Court has explained, "the scope of review under the 'arbitrary and capricious' standard is narrow and a court is not to substitute its judgment for that of the agency." *Motor Veh. Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). Rather, the agency action under review is "entitled to a presumption of regularity." *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 415 (1971), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977).

[8] The requirement that the agency adequately explain its result is not particularly demanding, and nothing more than a "brief statement" explaining why the agency chose to do what it did is necessary. *Pub. Citizen, Inc. v. Fed. Aviation Admin.*, 988 F.2d 186, 197 (D.C. Cir. 1993); *Tourus Records*, 259 F.3d at 737. If the court can "reasonably discern" the agency's path, it will uphold the agency's decision. *Pub. Citizen*, 988 F.2d at 197 (citing *Bowman Transp., Inc. v. Arkansas-Best Freight Sys., Inc.*, 419 U.S. 281, 286 (1974)).

precedent, and articulated a reasonable explanation for its decision to rescind the defendant's proposed separation from the Foreign Service. Mem. Op. at 15. The court further concluded that the FSGB's decision that the defendant adequately demonstrated that his EER was falsely prejudicial under 22 U.S.C. § 4131(a)(1)(E) was not arbitrary or capricious or not in accordance with law. Mem. Op. at 15.

The plaintiff's motion to alter or amend judgment makes no new arguments regarding the FSGB's factual conclusion that the defendant's EERs contained falsely prejudicial information. That is, the plaintiff fails to make arguments regarding an intervening change in controlling law, the availability of new evidence, or the need to correct a clear legal error or prevent manifest injustice. In asking the court to alter or amend judgment without presenting any new arguments, the plaintiff seeks an "additional bite[] at the juridical apple" without legal grounds for doing so. *Cooper v. Dep't of Justice*, 2005 WL 670296 at *3 (D.D.C. March 22, 2005); *Ciralsky*, 355 F.3d at 671. Accordingly, the court denies the plaintiff's motion to alter or amend the judgment.

## IV. CONCLUSION

For the foregoing reasons, the court denies the plaintiff's motion to alter or amend judgment on the pleadings. An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 3rd day of March 2006.

RICARDO M. URBINA
United States District Judge